UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                         CRIMINAL ACTION

VERSUS                                           NO: 12-190

TORRIE BRUMFIELD                                 SECTION: "J"(5)

## ORDER AND REASONS

Before the Court is a *Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by a Person in Federal Custody* **(Rec. Doc. 318)** filed by *pro se* Petitioner Torrie Brumfield, an opposition thereto (Rec. Doc. 320) filed by the United States of America ("Government"), and a reply (Rec. Doc. 322) and supplemental memorandum (Rec. Doc. 321) filed by Petitioner. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Petitioner's motion should **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On May 17, 2012, Petitioner was indicted for conspiracy to distribute illegal substances along with four co-defendants by a grand jury sitting in the Eastern District of Louisiana. (Rec. Doc. 1.) Petitioner was indicted on five separate counts. Count one of the indictment charged Petitioner with conspiring to distribute 280 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. § 846. *Id.* at 1-2. Count five charged

Petitioner with possession with the intent to distribute a quantity of crack, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). *Id.* at 2-3. Counts six and seven charged Petitioner with distributing and possessing with the intent to distribute 28 grams or more of crack, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). *Id.* at 3. Count eleven charged Petitioner, as well as three other co-defendants, with distributing and possessing with the intent to distribute 28 grams or more of crack, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). *Id.* at 5.

   On June 5, 2013, the Court held a re-arraignment hearing where Petitioner pleaded guilty to a superseding bill of information charging him with one count of conspiracy to distribute and possession with intent to distribute 28 grams of crack. (Rec. Doc. 140.) The drug quantity in the superseding bill of information constituted a reduction from the indictment. (Rec. Doc. 320 at 2.) Pursuant to the plea agreement entered into by Petitioner, the Government agreed not to charge him with any other drug offenses he may have committed in the Eastern District of Louisiana prior to June 3, 2013. (Rec. Doc. 140 at 1.) Additionally, the Government agreed in the plea agreement to charge Petitioner with only one prior felony drug conviction under 21 U.S.C. § 851, even though Petitioner had two such prior convictions. Finally, the Government agreed to provide Petitioner

with a three level reduction in his guideline offense level for timely acceptance of responsibility. *See* U.S.S.G. § 3E1.1.

In return for these benefits, the signed plea agreement stated that Petitioner "agree[d] to submit to interviews whenever and wherever requested by law enforcement authorities," to be "completely truthful," and to testify truthfully before "any Grand Jury or trial jury." (Rec. Doc. 140 at 4.) The plea agreement also called for Petitioner "to immediately advise the government" about people he believed to be violating the law and provide assistance to the Government with investigation and prosecution. *Id.* The plea agreement also stated that Petitioner understood that if he was not truthful, the agreement would be null and void and that Petitioner could be prosecuted for perjury and making false statements. *Id.* Petitioner signed the plea agreement at the re-arraignment hearing, where he stated under oath that he had read, understood, and agreed with its terms. *Id.*

As part of the re-arraignment, Petitioner signed a fourteen-page factual basis which provided a summary of the evidence the Government would use if Petitioner's case were to go to trial. (Rec. Doc. 141 at 1, 14.) The factual basis stated, in part, that 167.2 grams of crack involved in the conspiracy were attributable to Petitioner. *Id.* at 1-2.; (*see also* Rec. Doc. 165). Petitioner acknowledged under oath that the factual basis was a fair and accurate summary of the offense charged and that the information

set out in the factual basis was, in fact, what Petitioner did in this case.  (*See* Rec. Doc. 298.)

On June 7, 2013, only two days after the re-arraignment hearing, Petitioner refused to cooperate with the Government.  (Rec. Doc. 165 at 12.)[1]  In response, and concerned by other actions of Petitioner, the Government filed a motion to vacate Petitioner's plea agreement, to dismiss the superseding bill of information, and to try Petitioner under the original indictment.  *Id.* at 1.  Finding that Petitioner materially breached his plea agreement, the Court granted the Government's motion.  *Id.* at 14, 22.

The Court vacated the plea agreement and reset the matter for trial.  (Rec. Doc. 167.)  Following a two-day jury trial, Petitioner was found guilty on counts one, five, six, and seven.  As to count one, Petitioner was convicted of conspiracy to distribute and posses with the intent to distribute 28 grams of crack, but less than 280 grams.  (*See* Rec. Doc. 291.)  Petitioner was found not guilty on count eleven.  *Id.*  Petitioner was sentenced to a 192 month term of imprisonment, followed by a term of eight years supervised release.  *Id.*  Petitioner appealed the judgment, and United States Court of Appeals for the Fifth Circuit affirmed the judgment on September 29, 2015.  (Rec. Doc. 307.)  On

---

[1] For a detailed account of the events leading up to the Court's granting of the Government's motion to vacate the plea agreement, see the Court's August 5, 2013 Order and Reasons (Rec. Doc. 165).

January 14, 2016, the United States Supreme Court denied Petitioner's petition for a writ of certiorari. (Rec. doc. 311.)

Petitioner filed his *Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by a Person in Federal Custody* **(Rec. Doc. 318)** on July 11, 2017. Thereafter, the Court issued a briefing order, ordering the Government to respond. The Government filed an opposition (Rec. Doc. 320) on September 12, 2016. Petitioner filed a memorandum in support (Rec. Doc. 321) on September 19, 2016, and a reply to the Government's opposition (Rec. Doc. 322) on October 17, 2017.

## **PARTIES' ARGUMENTS**

Petitioner's arguments revolve around allegations that the Drug Enforcement Agency ("DEA") Agent Karl Newman, who obtained the evidence that led to Petitioner's arrest and conviction, employed tactics that violated the law. In the period subsequent to Petitioner's conviction and sentencing, Newman was himself arrested and charged with conspiracy to distribute cocaine and abuse of office. (Rec. Doc. 318.) Petitioner avers that he made his counsel aware of the allegedly unconstitutional tactics used by Newman, but that his counsel failed investigate his allegations. Thus, Petitioner argues that his defense counsel provided ineffective assistance in four different ways. First, Petitioner contends that his counsel was ineffective for failing to investigate Newman, despite having been told by Petitioner that

Newman was a corrupt agent.  *Id.* at 15.  Second, Petitioner argues that his counsel was ineffective for not investigating the Government's cooperating source ("CS") in this case.  Petitioner asserts that if his counsel had further investigated the CS, he would have learned that the CS was a drug addict who "was working off a debt with Agent Newman."  *Id.*   Petitioner's third argument is that his counsel was ineffective for failing to protect Petitioner's due process rights.  *Id.* at 15-16.  It appears that Petitioner is arguing here that the Government violated his due process rights by targeting Petitioner "because of the type of drugs he sold," and that his counsel should not have allowed this to occur.  *Id.*[2]  Finally, Petitioner argues that his counsel was ineffective for allowing Petitioner to be sentenced for a higher amount of drugs than he sold to the CS.  *Id.*

The Government responds that Petitioner's arguments are speculative and conclusory, and that they do not establish that his counsel was ineffective. (Rec. Doc. 320 at 9.)  The Government argues that Petitioner has not provided any evidence that his attorney should have known of wrongdoing by Newman at the time of investigation, trial, or sentencing.  *Id.*   In addition, the Government argues that Petitioner has failed to show a reasonable

---

[2] After reviewing the memoranda and the applicable law, the Court finds that Petitioner's ineffective assistance of counsel argument based upon violation of his due process rights to be without merit and this argument will not bear further discussion.

probability that his case would have progressed differently even if his attorney had investigated Newman. *Id.* Finally, the Government contends that the evidence against Petitioner, which included audiotaped phone calls and videotaped evidence of hand-to-hand drug deals, was strong enough to convict Petitioner and did not implicate an investigation into the credibility of any witnesses. *Id.*

## **LEGAL STANDARD**

Section 2255 provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action. *Id.*

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8. An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

In a habeas proceeding alleging ineffective assistance of counsel, the petitioner has the burden of proof. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999) (citing *Clark v. Collins*, 19 F.3d 959, 964 (5th Cir. 1994)). To prevail on a claim of

ineffective assistance of counsel, the petitioner must demonstrate that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate deficient performance, the petitioner must show that the errors made by counsel were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. To satisfy the prejudice prong, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* This requires showing that counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable. *Id.* at 687. If the petitioner makes an insufficient showing on either component of the ineffective assistance of counsel inquiry, it is not necessary to examine the remaining prong of the test. *Id.*

Judicial scrutiny of counsel's performance must be highly deferential. *Id.* at 689. The analysis starts with "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"

*Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Therefore, a court deciding an actual ineffectiveness claim "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690.

Where, as here, "defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

## DISCUSSION

As discussed above, Petitioner's first three arguments primarily coalesce around the allegation that his counsel should have further investigated Newman and the tactics Newman used to obtain evidence that was eventually produced in Petitioner's trial. Petitioner states that he told his attorney that Newman "use[d] stolen money from drug seizures . . . to pay informants to make recorded drug buys." (Rec. Doc. 322 at 5.) Petitioner also provides an affidavit stating that he told his counsel that Newman employed coercive tactics to secure arrests and convictions, and that rumors of this behavior were "flourishing" around the jail where he was being held. *Id.* Nevertheless, Petitioner asserts

that his counsel failed to perform an investigation into Newman. Petitioner also alleges that at trial his counsel did not cross examine Newman or other witnesses about potential law enforcement misconduct. Petitioner argues that this qualifies as ineffective assistance of counsel because his counsel was required to present the Court with a "coherent argument" regarding police misconduct. *See Tejada v. Dubois*, 142 F.3d 18, 25 (1st Cir. 1998) (defense counsel "fail[ure] to present a coherent argument" of police fabrication deprived defendant of his only defense). Petitioner also argues that the Government would not have had video and audio evidence of hand-to-hand drug transactions if not for the law enforcement misconduct used to obtain them. *See United States v. McGrew*, 560 F. App'x 342, 350 (5th Cir. 2014) (holding that counsel's "decision to abstain from attempting to suppress" defendant's custodial statement that was an essential element of the charge and obtained through *Miranda* violation amounted to deficient performance under *Strickland*). Thus, Petitioner argues that his counsel was ineffective for failing to object to this evidence as inadmissible.

The Court takes judicial notice that on May 12, 2016, Newman was indicted in the Eastern District of Louisiana on the following charges: falsification of records in a federal investigation, conspiracy to possess with the intent to distribute controlled substances, conversion of property by a federal property, and

obstruction of justice. *United States v. Newman, Et Al.*, No. 16-92 (E.D. La. Filed May 13, 2016) (Rec. Doc. 1.) However, there is no indication, other than Petitioner's self-serving affidavit, that Newman engaged in misconduct in this case. Furthermore, Petitioner provides no evidence to support his position that his counsel should have been aware of allegations that Newman engaged in misconduct sufficient to justify an investigation into his tactics. "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). To grant Petitioner's motion on the strength of his affidavit alone would be to defy this Court's mandate of granting deference to counsel and "mak[ing] every effort to eliminate the distorting effects of hindsight." *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (internal citations omitted). Additionally, a defendant who claims his counsel failed to investigate "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Petitioner points to no specific substantive evidence that an investigation by his counsel would have revealed. Petitioner fails to satisfy the first prong of *Strickland*.

Even if Petitioner could provide supplementary evidence that Newman was engaged in police misconduct on this case and that Petitioner made his counsel aware of this, Petitioner still fails to satisfy the second prong of *Strickland*. There is not a reasonable probability that the outcome in this case would have been different had Petitioner's counsel conducted an investigation into Newman and cross-examined him and other witnesses about his evidence-gathering tactics. *See Strickland*, 466 U.S. at 694. Petitioner has not provided the Court with any concrete evidence that might have been presented in his trial to attack the tactics used by law enforcement in this case or to undermine the credibility of the audio and video tapes of him engaging in hand-to-hand drug transactions.

Petitioner contends that his counsel should have further investigated the CS who engaged in three controlled purchases of crack from Petitioner. (Rec. Doc. 302 at 128, 135) Petitioner asserts that the CS "was a crack addict" and that Newman "coerced [the CS] illegally by fraud to make controlled buys of crack." (Rec. Doc. 322 at 15.) Petitioner further avers that Newman offered to employ the CS "as an informant for hire" and that the CS participated because he needed money to satisfy his crack addiction. *Id.* at 16. This dynamic between Newman and the CS, Petitioner argues, amounts to a violation with respect to the CS. Thus, Petitioner argues that the audio and video recordings of

these controlled purchases are fruit of the poisonous tree and should have been suppressed. Petitioner further argues that his counsel was ineffective for failing to further investigate the CS and for failing to push for suppression of the audio and video recordings on this ground.

This argument is unavailing. "Fourth Amendment rights are personal rights, which may be enforced only by the person whose rights were infringed." *United States v. Pack*, 612 F.3d 341, 348 (5th Cir. 2010) (citing *Rakas v. Illinois*, 439 U.S. 128, 138 (1978)). To the extent Petitioner argues that Newman perpetrated a fraud upon the CS, he does not have the right to make such a claim. Petitioner "may not assert a Fourth Amendment challenge on behalf of " the CS in an attempt to have the audio and video recordings suppressed. *See United States v. Gonzalez*, No. 16-40312, -- F. App'x --, 2016 WL 7209714, at *1 (5th Cir. 2016) (defendant appealing conviction for conspiracy to transport undocumented aliens could not seek suppression of certain witness testimony for the Government's failure to follow protocol for re-detaining undocumented aliens as material witnesses). Whatever violations may or may not have occurred between Newman and the CS do not extend to Petitioner and do not alter the fact that Petitioner engaged in three hand-to-hand drug transactions with the CS which were captured on video and audio recordings.

Petitioner does not argue here that he is innocent of possessing and distributing illegal substances. Indeed, there is no disputing Petitioner's guilt. The audio and video recordings of Petitioner engaging in drug transactions are strong evidence and they were presented at his trial where a jury unanimously found him guilty. Moreover, Petitioner stated under oath at his re-arraignment hearing that he was guilty of participating in a conspiracy to sell crack. Petitioner signed a factual basis detailing his involvement in the illicit activity and acknowledged under oath the accuracy of said document. To satisfy the second prong of *Strickland*, it is not enough to argue that "but for counsel's alleged errors" the outcome at trial would have been different; the movant also must demonstrate "that the result of the proceedings was fundamentally unfair or unreliable." *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995) (citing *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993). Based on these facts, the Court cannot conclude that the result of his trial was fundamentally unfair or unreliable.

Finally, Petitioner argues that his counsel was ineffective for allowing Petitioner to be sentenced for a higher quantity of drugs than he sold to the CS. This argument is without merit. Petitioner was adjudicated guilty of distributing 28 or more grams of crack, but less than 280 grams of crack. *See* (Rec. Doc. 291.) This is the same amount of crack that Petitioner pleaded guilty to

in his vacated plea agreement, and is consistent with the 167.2 grams of crack which the signed factual basis found to be attributable to him. Furthermore, Petitioner's counsel at the sentencing hearing argued ardently and effectively to have his sentence reduced. Although the sentencing guidelines called for Petitioner to serve a sentence of 360 months to life imprisonment, the Court exercised its discretion under 18 U.S.C. § 3553(a) and imposed a sentence of 192 months in prison. (See Rec. Doc. 300 at 12-15.) Thus, Petitioner's ineffective assistance of counsel claims must fail.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Torrie Brumfield's *Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by a Person in Federal Custody* **(Rec. Doc. 318)** is **DENIED**.

New Orleans, Louisiana, this 17th day of February, 2017.

*[signature]*

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE