UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No.: 12-190 |
| TORRIE BRUMFIELD | SECTION: "J" (5) |

### ORDER & REASONS

Before the Court is a *Motion for Compassionate Release* **(Rec. Doc. 332)** filed by Defendant, Torrie Brumfield, as well as an opposition (Rec. Doc. 334) and a supplemental opposition (Rec. Doc. 337) thereto filed by the Government. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Defendant's motion should be **DENIED as premature.**

### DISCUSSION

If "extraordinary and compelling reasons exist," a district court has the authority to reduce a prisoner's sentence via compassionate release. § 3582(c)(1)(A). Before hearing the merits of a prisoner's compassionate release motion, however, a prisoner must first meet certain procedural requirements. Specifically, a district court may only entertain a compassionate release motion if it is filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Although the Court recognizes that a minority of

district courts, primarily in the Second Circuit, have found these requirements to be waivable by the sentencing court, this Court agrees with the position taken by other sections of the Eastern District of Louisiana, i.e. that failure to meet the so-called "exhaustion" requirements of 3582(c)(1)(A) forecloses the avenue to relief. *See United States v. Calogero,* No. 18-203 "R" (E.D. La. Apr. 14, 2020) (Vance, J.), ECF No. 74, at 2-3 (compassionate release inappropriate because 30 days had not passed since defendant's warden received his request, and he had not exhausted administrative remedies); *United States v. James*, No. 13-84 "G" (E.D. La. Apr. 16, 2020) (Brown, J.), ECF No. 95, at 12 (denying compassionate release for failure to exhaust administrative remedies and observing that"[t]his Court agrees with the overwhelming majority of courts on the exhaustion issue. Section 3582(c)(1)(A)'s exhaustion requirement is set out in mandatory terms and does not enumerate any exceptions") (citing cases); *United States v. Celestine*, No. 18-83 "H" (E.D. La. Apr. 13, 2020) (Milazzo, J.), ECF No. 133, at 3 ("While this Court is sympathetic to Defendant's request, it has no authority to consider it until Defendant exhausts the requirements of the FSA.").

It is the Defendant's burden to prove that he has exhausted his administrative remedies. *See United States v. Davidson*, 16-cr-79, 2020 WL 4452109 at *2 (M.D. N.C. Aug. 3, 2020). Here, Defendant alleges, but provides no evidence, that he petitioned the warden of his facility to file a motion for compassionate release on his behalf and over 30 days have passed since said petition. (Rec. Doc. 332 at 4). The Government, however, has provided contrary evidence in the form of

a statement from Gerald Rawls, supervisory attorney for the Defendant's place of incarceration. (Rec. Doc. 337-1). Mr. Rawls asserts Defendant has in fact failed to petition his warden for a motion for compassionate release. *Id.* The Court finds that Defendant has failed to show he has exhausted his administrative remedies.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Compassionate Relief* **(Rec. Doc. 332)** is **DENIED** without prejudice as premature.

New Orleans, Louisiana, this 17th day of August, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE