UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No.: 12-190 |
| TORRIE BRUMFIELD | SECTION: "J" (5) |

## ORDER & REASONS

Before the Court is the *Motion to Reduce Sentence* **(Rec. Doc. 355)** filed by Defendant, Torrie Brumfield, and an opposition thereto filed by the Government. (Rec. Doc. 357). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Defendant's motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On May 17, 2012, Defendant was indicted for conspiracy to distribute illegal substances along with four co-defendants by a grand jury sitting in the Eastern District of Louisiana. (Rec. Doc. 1). Defendant was indicted on five separate counts. Count one of the indictment charged Defendant with conspiring to distribute 280 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. § 846. *Id.* at 1-2. Count five charged Defendant with possession with the intent to distribute a quantity of crack, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). *Id.* at 2-3. Counts six and seven charged Defendant with distributing and possessing with the intent to distribute 28 grams or more of crack, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). *Id.* at 3. Count eleven charged Defendant, as well as three other co-defendants, with

distributing and possessing with the intent to distribute 28 grams or more of crack, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). *Id.* at 5.

On June 5, 2013, the Court held a re-arraignment hearing where Defendant pleaded guilty to a superseding bill of information charging him with one count of conspiracy to distribute and possession with intent to distribute 28 grams of crack. (Rec. Doc. 140). The drug quantity in the superseding bill of information constituted a reduction from the indictment. (Rec. Doc. 320 at 2). Pursuant to the plea agreement entered into by Defendant, the Government agreed not to charge him with any other drug offenses he may have committed in the Eastern District of Louisiana prior to June 3, 2013. (Rec. Doc. 140 at 1). Additionally, the Government agreed in the plea agreement to charge Defendant with only one prior felony drug conviction under 21 U.S.C. § 851, even though Defendant had two such prior convictions. Finally, the Government agreed to provide Defendant with a three level reduction in his guideline offense level for timely acceptance of responsibility. *See* U.S.S.G. § 3E1.1.

In return for these benefits, the signed plea agreement stated that Defendant "agree[d] to submit to interviews whenever and wherever requested by law enforcement authorities," to be "completely truthful," and to testify truthfully before "any Grand Jury or trial jury." (Rec. Doc. 140 at 4). The plea agreement also called for Defendant "to immediately advise the government" about people he believed to be violating the law and provide assistance to the Government with investigation and prosecution. *Id.* The plea agreement also stated that Defendant understood that if he was not truthful, the agreement would be null and void and that Defendant could be

prosecuted for perjury and making false statements. *Id.* Defendant signed the plea agreement at the re-arraignment hearing, where he stated under oath that he had read, understood, and agreed with its terms. *Id.*

As part of the re-arraignment, Defendant signed a fourteen-page factual basis which provided a summary of the evidence the Government would use if Defendant's case were to go to trial. (Rec. Doc. 141 at 1, 14). The factual basis stated, in part, that 167.2 grams of crack involved in the conspiracy were attributable to Defendant. *Id.* at 1-2.; (*see also* Rec. Doc. 165). Defendant acknowledged under oath that the factual basis was a fair and accurate summary of the offense charged and that the information set out in the factual basis was, in fact, what Defendant did in this case. (*See* Rec. Doc. 298).

On June 7, 2013, only two days after the re-arraignment hearing, Defendant refused to cooperate with the Government. (Rec. Doc. 165 at 12).[1] In response, and concerned by other actions of Defendant, the Government filed a motion to vacate Defendant's plea agreement, to dismiss the superseding bill of information, and to try Defendant under the original indictment. *Id.* at 1. Finding that Defendant materially breached his plea agreement, the Court granted the Government's motion. *Id.* at 14, 22.

The Court vacated the plea agreement and reset the matter for trial. (Rec. Doc. 167). Following a two-day jury trial, Defendant was found guilty on counts one, five, six, and seven. As to count one, Defendant was convicted of conspiracy to distribute

---

[1] For a detailed account of the events leading up to the Court's granting of the Government's motion to vacate the plea agreement, see the Court's August 5, 2013 Order and Reasons (Rec. Doc. 165).

and posses with the intent to distribute 28 grams of crack, but less than 280 grams. (*See* Rec. Doc. 291). Defendant was found not guilty on count eleven. *Id.* Defendant was sentenced to a 192 month term of imprisonment, followed by a term of eight years supervised release. *Id.* Defendant appealed the judgment, and the United States Court of Appeals for the Fifth Circuit affirmed the judgment on September 29, 2015. (Rec. Doc. 307). On January 14, 2016, the United States Supreme Court denied Defendant's petition for a writ of certiorari. (Rec. Doc. 311).

On July 11, 2017, Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Rec. Doc. 318), which the Court denied (Rec. Doc. 323). On December 29, 2020, Defendant filed the instant motion to reduce sentence (Rec. Doc. 355). In his motion, Defendant asks the Court to grant compassionate release as well as alleging numerous grounds for a correction of his sentence that would be more appropriate under a § 2255 motion.

## DISCUSSION

As an antecedent matter, it is undisputed that Defendant has satisfied the procedural requirements necessary to bring a compassionate release motion on his own behalf. § 3582(c)(1)(A).

Because Defendant's motion for compassionate release is properly before the Court, the Court must determine whether Defendant has met his burden of proving he is entitled to a sentence reduction under § 3582(c)(1)(A). *See United States v. Jones,* 836 F.3d 896, 899 (8th Cir. 2016) (the movant bears the burden of proving he is entitled to a sentence reduction). A defendant seeking a sentence reduction must

establish that "extraordinary and compelling reasons warrant the reduction" and "[he] is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. These requirements derive from the Sentencing Commission's Policy Statement ("Policy Statement") on sentencing reductions under § 3582(c)(1)(A).

The Policy Statement further clarifies that "extraordinary and compelling reasons" encompasses only small, specific sets of circumstances. U.S.S.G. § 1B1.13, cmt. n.1(A). Namely, there are three recognized circumstances that may facilitate an inmate's early release: "(a) 'a medical condition'—specifically, 'a terminal illness' or a condition that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover'; (b) 'age'—starting at age 65; and (c) 'family circumstances.'" *United States v. Calogero*, No. 18-203, at 4-5 (citation omitted).[2] Defendant does not provide evidence, nor does he argue, that he fits into any established category that would entitle him to compassionate release. Rather, Defendant argues that the risk of contracting COVID-19 while incarcerated, combined with his medical issues, is sufficient to meet the standard for compassionate release.

---

[2] *United States v. Thompson*, No. 20-40381, 2021 WL 37493, at *3 (5th Cir. Jan. 5, 2021) ("Although not dispositive, the commentary to the United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 informs our analysis as to what reasons may be sufficiently "extraordinary and compelling" to merit compassionate release.").

Defendant alleges that he suffers from asthma and allergies. However, Defendant failed to provide any medical documentation supporting his claims. In addition, these conditions do not definitively elevate Defendant's risk of severe illness if exposed to COVID-19.[3] Although Defendant's asthma **might** create an increased risk if he contracts COVID-19 if it is moderate or severe, Defendant's failure to provide medical documentation prevents the Court from evaluating the severity of his asthma. Accordingly, the Court must conclude that Defendant failed to carry his burden of showing that he suffers from a serious medical condition that can be fairly characterized as an extreme and compelling circumstance warranting compassionate release.

Defendant also argues that the First Step Act ("FSA") modified the application of 21 U.S.C. § 851, which, along with the application of Sentencing Commission Amendment 782, will result in a significant reduction in his sentence. However, Sentencing Commission Amendment 782, which downwardly adjusted base offense levels, has no bearing on Defendant's sentence because his sentencing guidelines, level 37 and criminal history VI, were the result of his status as a career-offender and not based on his drug-guideline range. To the extent that Defendant challenges his career-offender status under the FSA, the Fifth Circuit has recognized the limitations on resentencing imposed by the FSA and does not require

---

[3] *See* People with Certain Medical Conditions, CTRS. FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (Mar. 16, 2020) (listing underlying medical conditions that pose a higher risk of severe illness from COVID).

district courts to revisit career-offender status. *See United States v. Hegwood*, 934 F.3d 414, 417-19 (5th Cir. 2019). Accordingly, Defendant's motion for sentence reduction under the FSA is without merit.

Defendant's remaining arguments can be summarized as follows: (1) the two predicate-convictions underlying his career-offender guideline were a single-consolidated sentence and having only one-qualified conviction invalidates his career-offender status; and (2) the career-offender convictions did not carry at least a 10-year maximum sentence and each conviction related to the same-relevant criminal conduct though he was arrested on two-separate occasions; (3) his counsel failed to advise him of his obligation to cooperate as set forth in the plea agreement that he never read; (4) at no time, at the re-arraignment, did anyone suggest that cooperation was a requirement of the plea agreement; (5) he was coerced by his counsel and by the government attorney to accept a plea agreement; (6) because he only completed up to the 11th grade, Defendant did not understand many of the things said during the re-arraignment and was unaware of the requirement to testify; and (7) the government was unreasonable and violated the plea agreement. All of these arguments are more appropriately characterized as a request for relief under 28 U.S.C. § 2255 because they challenge the correctness of the original sentence. However, the Court has already denied Defendant's previous § 2255 petition. Thus, the Court may only consider Defendant's successive § 2255 petition if Defendant first obtains an order from the United States Court of Appeals for the Fifth Circuit authorizing a successive application pursuant to 28 U.S.C. § 2244.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Reduce Sentence* **(Rec. Doc. 355)** is **DENIED**.

New Orleans, Louisiana, this 17th day of March, 2021.

                                        CARL J. BARBIER
                                    UNITED STATES DISTRICT JUDGE